IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.

MARC RUBAT DU MERAC,

    *Plaintiff*,

v.

COLORADO SCHOOL OF MINES,

    *Defendant*.

---

## COMPLAINT AND JURY DEMAND

---

PLAINTIFF, MARC RUBAT DU MERAC, through his attorney, John W. McKendree at the OFFICES OF JOHN W. MCKENDREE, Lawyer and Consultant, hereby respectfully submits this Complaint and Jury Demand and alleges and avers as follow:

### JURISDICTION, VENUE, and PARTIES

1. At all times material, Plaintiff, Marc Rubat du Merac (Hereinafter, "Plaintiff") resided in the City of Golden and in the State of Colorado. At the present time, Plaintiff resides at 2 IM Herrfsgarten, 64342, Seeheim, Federal Republic of Germany.

2. At all times material, Colorado School of Mines (Hereinafter, "Defendant") is a Colorado State institution of higher education, established and governed pursuant to Art. VIII, §5 Colo. Const, and C.R.S. §23-41-101, *et seq.* and maintains a campus located at 1500 Illinois Street, Golden, Colorado 80401-1887.

3. Jurisdiction is proper in this Court based upon the fact that Defendant conducts and transacts business within the State of Colorado, the events which give rise to

1

this Complaint occurred within the State of Colorado, Plaintiff suffered injuries, damages, and losses as a result of Defendant's unlawful conduct as alleged herein in the State of Colorado.

4. Venue is appropriate in this Court, as Defendant's illegal actions as alleged herein were committed in the District of Colorado.

5. All jurisdictional prerequisites to the filing of this Civil Action have been completed or have been exhausted by Plaintiff, who timely filed his Charge of National Origin and Gender Based Discrimination with the Colorado Department of Regulatory Agencies, Division of Civil Rights, by his Charge of Discrimination filed with the Equal Employment Opportunity Commission (Hereinafter, "EEOC") on July 10, 2012, EEOC Charge Number: 541-2012-02213; and received his Right to Sue Letter with the EEOC's dismissal and Notice of Rights dated March 19, 2014.

6. Plaintiff's suit is for unlawful Gender Based Discrimination and unlawful National Origin Discrimination in violation of 42 U.S.C. §§2000e, *et seq*, and the Colorado Anti-Discrimination Act, C.R.S. 24-34-402.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates herein by reference each and every allegation contained in ¶¶1-6 of this Complaint.

8. Plaintiff is a male Caucasian born in Canada and was unlawfully discriminated against by Defendant by the decision of the Provost of Defendant dated May 10, 2012 agreeing with Investigator Attorney Ester Report of Findings dated May 4,

2012, concluding, *inter alia*, violation of Defendant's Policy, proscribing sexual harassment and retaliation.

9. Plaintiff was employed in July 2012, as one of Defendant's 1,777 employees.

10. On May 17, 2012, Plaintiff was discriminatorily suspended for one (1) academic year, through the summer of 2013, from his Academic Degree Program and his paid, Graduate Research Assistant position, based upon false allegations of Defendant's Sexual Harassment Policy, including verbal sexual harassment and retaliation.

11. The decision referred to in ¶10, was made by Provost, Terry Parker, taking into account the recommendations made by Associate Counsel, Ester Henry and Associate Vice President for Human Resources, Mike Dougherty, which recommendations were flawed, bias, discriminatory and not supported by competent evidence; Plaintiff has been terminated by Defendant.

12. Under the Policies and Procedures of Defendant, Plaintiff did not have any internal right of appeal to protest the decision in ¶10; and upon information and belief, Defendant is the only State University without a right to such an appeal.

13. Ultimately, Plaintiff was permanently separated from Defendant's payroll.

14. In July 2008, Plaintiff began graduate studies in the Department of Metallurgical and Materials Engineering at Defendant.

15. In conjunction with Plaintiff's graduate studies, he was employed by Defendant as a paid Research Assistant for Professor Ivar Reimanis.

16. During the summer of 2010, Tiffani Oney (Hereinafter, "Oney") commenced employment for Defendant as an Undergraduate Research Assistant to Professor Reimanis.

17. Plaintiff was a reliable employee and preformed his services in the interest of Defendant and Professor Reimanis in a competent, professional and workman like manner.

18. On or about December 1, 2011, Oney filed a formal written sexual harassment complaint at the urging of the Department of Human Resources at Defendant, even though she was reluctant to do so, since such complaint was factually false and without merit.

20. Oney's factually flawed complaint alleged Plaintiff engaged in a pattern of inappropriate behavior over an approximate year and one half period and ended with her decision to resign her position with Defendant's Professor Reimanis' research group on November 17, 2011.

21. Plaintiff, upon receiving notice of and being interviewed concerning Oney's formal complaint, filed a written complaint of false accusations with the Department of Human Resources on December 16, 2011, setting forth his statement that Oney's complaint was false.

22. Plaintiff recognizing the absence of merit and factual errors in Oney's Complaint, exercised his rights and independently searched out information, facts, and witness statements which would demonstrate the false and meritless accusations of Oney to the investigators.

23. Plaintiff's actions as described in ¶22 hereof were reasonable, proper, and in accordance with the University's non-discrimination policy to make manifest the truth of the events under investigation and Plaintiff reasonably understood that his efforts in this connection would not result in retaliation against him by the Defendant.

24. Thereafter, the Provost and Executive Vice President, Terry Parker for the Defendants directed the investigators, Associate Counsel, Ester Henry and Associate Vice President for Human Resources, Mike Dougherty to expand their investigation to add additional harassing and discriminatory claims against the Plaintiff of retaliation because he merely provided copies of the complaints and related materials to his witnesses in order to ensure a full, fair, complete and truthful account of the facts where available to these investigators.

25. During Defendant's investigation, Defendants created a hostile working environment affecting Plaintiff without justification or excuse and motivated by the discriminatory motives which form a part of Plaintiff's claims of discrimination.

26. Defendant's investigators issued their reports on each of the three complaints under investigation, i.e., the Complaint of Ms. Oney, Plaintiff's Complaint and Defendant's additional Complaint against Plaintiff for Retaliation on May 17, 2012.

27. Although Defendant's Sexual Harassment Policy and Complaint Procedure is straight forward, never the less the process utilized by Defendants in their actions

at issue, where unfair, unreasonable, discriminatory and unlawful against the Plaintiff.

28. During Defendant's investigation of the three complaints, Plaintiff was interviewed on multiple occasions and during the course of the investigation, Plaintiff provided the investigators with additional materials, which the investigator failed to properly consider; because of their bias attitude against the Plaintiff and in favor of Oney.

29. On or about March 27, 2012, Defendant by action of the Provost enlarged their investigation against the Plaintiff because of the bias and prejudice of the Defendants against the Plaintiff merely because he was actively assisting his witnesses in being able to place the stamp of truth on the investigative results.

30. The decision of the Provost on March 27, 2012, to expand the investigation against the Plaintiff was discriminatorily and unlawfully motivated.

31. On or about April 9, 2012, Defendant concluded its investigation of the Oney complaint.

32. On or about April 17, 2012, Plaintiff and Oney were notified of the initiation of the for mentioned bias additional investigation against Plaintiff for retaliation in the investigative process.

33. On May 4, 2012, Investigator Henry's findings and conclusions regarding the Oney complaint issued.

34. On or about May 10, 2012, Investigator Dougherty's findings and conclusions regarding the Oney complaint issued.

35. On or about May 10, 2012, Investigator Henry's findings and conclusions along with Investigator Dougherty's "Statement" as to Investigator Henry's findings and conclusions concerning the retaliation complaint issued.

36. On or about May 11, 2012, these investigators joint findings and conclusions regarding Plaintiff's complaint issued.

37. The investigations described, *supra*, and the determination of the Provost were factually inaccurate, bias, discriminatorily motivated and not supported by competent evidence, but were released, causing Plaintiff economic harm nevertheless.

38. Plaintiff informed Defendant's Human Resource Personnel in March 2012, and again in May 2012, that he was being discriminated against by officials of Defendant and subject to a hostile working environment; this Complaint was ignored; consequently, Plaintiff filed his Complaint again with Defendant's Internal Complaint Resolution process with the Provost in early 2014. The Provost summarily dismissed Plaintiff's Complaint, siding with Human Resource's Officials and conducted no investigation, all apart of the continuing discrimination of the Plaintiff at issue.

39. Defendants actions described herein against Plaintiff, a member of a protected class, suffering adverse employment action under circumstances giving rise to a discriminatory conclusion even though Plaintiff, as a male, on his gender based discrimination claim, nevertheless demonstrates herein the background circumstances that support an inference that Defendant is one of those unusual

employers who discriminates against the majority as demonstrated by the administration of its Sexual Harassment Policy and language.

40. Plaintiff was subjected to unlawful and discriminatory mistreatment and Defendant's pre-textually masked their discriminatory motivation by treating Oney more favorably than Plaintiff and by penalizing Plaintiff for attempting to make the truth regarding Oney's claims available for which he was found to be retaliatory.

41. Plaintiff was discriminated against because of his gender in violation of Federal and State law.

42. Plaintiff was discriminated against because of his national origin in violation of Federal and State law.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

(Violation of Title VII, 42 U.S.C.§§2000e, *et seq*, for Gender Based Discrimination)

43. Plaintiff incorporates herein by reference each and every allegation contained in ¶¶1-42 of this Complaint.

44. Plaintiff is a male.

45. Defendant, by operation of its Sexual harassment Policy and its investigative administration supports the inference that Defendant discriminates against the majority.

46. As a result of this gender based discrimination, Plaintiff has and will continue to suffer economic harm and deprivation.

47. As a direct and proximate result of the Defendant's discriminatorily conduct and termination, Plaintiff suffered and continues to suffer injury including, but not limited to, severe emotional distress, mental anguish, physical pain and suffering, psychological and emotional pain and suffering, including psychological damage. Plaintiff also suffers and continues to suffer pecuniary losses including, but not limited to, loss wages, lost benefits, future lost wages and benefits, diminished opportunities for career advancement, damage to his reputation, damage to his re-employment opportunities.

## SECOND CLAIM FOR RELIEF

(Violation of Title VII, 42 U.S.C.§§2000e, *et seq*, for National Origin Discrimination)

48. Plaintiff incorporates by reference, each and every allegation contained in ¶¶1-47 of this Complaint.

49. Plaintiff is a national Canadian and therefore a member of a protected class.

50. Defendant intentionally created, allowed and administered discrimination against the Plaintiff on the bases of his national origin with respect to the tenure, terms, and his conditions of employment.

51. As a result of this national origin discrimination, Plaintiff suffered unlawful and discriminatory economic harm, now and in the future.

52. As a direct and proximate result of the Defendant's discriminatorily conduct and termination, Plaintiff suffered and continues to suffer injury including, but not limited to, severe emotional distress, mental anguish, physical pain and suffering, psychological and emotional pain and suffering, including psychological damage.

Plaintiff also suffers and continues to suffer pecuniary losses including, but not limited to, loss wages, lost benefits, future lost wages and benefits, diminished opportunities for career advancement, damage to his reputation, damage to his re-employment opportunities.

### THIRD CLAIM FOR RELIEF

**(Gender Based and National Origin Discrimination in Violation of C.R.S. §24-34-402)**

53. Plaintiff incorporates by reference, each and every allegation contained in ¶¶1-52 of this Complaint.

54. Plaintiff is of Canadian nationality and Defendant is an unusual employer who discriminates against majority males in its Sexual Harassment Policy and its investigative administration and thus, Plaintiff is a member of a protected class.

55. Defendant intentionally discriminated against the Plaintiff on the bases of his national origin and gender with respect to the tenure, terms and conditions of Plaintiff's employment.

56. As a result of this gender based and national origin discrimination, Plaintiff has and will continue to suffer economic losses.

57. As a direct and proximate result of the Defendant's discriminatorily conduct and termination, Plaintiff suffered and continues to suffer injury including, but not limited to, severe emotional distress, mental anguish, physical pain and suffering, psychological and emotional pain and suffering, including psychological damage. Plaintiff also suffers and continues to suffer pecuniary losses including, but not limited to, loss wages, lost benefits, future lost wages and benefits, diminished

opportunities for career advancement, damage to his reputation, damage to his re-employment opportunities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment in his favor and against the Defendant as follows:

a. On Plaintiff's First Claim for Relief for Violation of Title VII, 42 U.S.C.§§2000e, *et seq*, for Gender Based Discrimination, Damages in the amount to be determined at trial;

b. On Plaintiff's Second Claim for Relief for Violation of Title VII, 42 U.S.C.§§2000e, et seq, for National Origin Discrimination, Damages in the amount to be determined at trial;

c. On Plaintiff's Third Claim for Relief for Gender Based and National Origin Discrimination in Violation of C.R.S. §24-34-402, Damages in the amount to be determined at trial;

d. Plaintiff also seeks his reasonable costs and attorney's fees, and pre- and –post judgment interest in an amount to be determined at trial; and

e. Such other and further relief, including equitable remedies, as this Court deems just and proper.

## JURY DEMAND

Plaintiff, Marc Rubat du Merac demands a Trial by Jury on all issues herein.

Respectfully Submitted this 13th day of June, 2014.

                                  OFFICES OF JOHN W. McKENDREE,
                                  LAWYER AND CONSULTANT

                                  */s/ John W. McKendree*
                                  John W. McKendree
                                  7582 E. 121st Drive
                                  Thornton, Co 80602

Plaintiff:

Marc Rubat du Merac
2 IM Herrfsgarten, 64342
Seeheim, Germany

12